UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HOPE EBEH,**

    **Plaintiff,**

v.                                                             **Case No. 8:19-cv-1859-T-60AAS**

**FLORIDA DEPARTMENT OF REVENUE,**
et al.,

    **Defendant.**
_____/

## ORDER

Hope Ebeh, proceeding pro se, requests the court reconsider its order directing taking Ebeh's motion for leave to proceed *in forma pauperis* under advisement and directing Ebeh to file an amended complaint. (Doc. 11).

Ebeh fails to establish federal question jurisdiction over his domestic relations claims. Ebeh's state domestic relations case concluded with a child support judgment, the *Rooker-Feldman* doctrine bars the court's review of that judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine limits a district court's jurisdiction over certain matters related to prior state court litigation, and applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi*

1

*Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Its reach "extends not only to federal claims actually raised in state court, but also to federal claims 'inextricably intertwined' with the state court's judgment, meaning those that can 'succeed[ ] only to the extent that the state court wrongly decided the issues' before it." *Lawton v. Rosen*, 559 F. App'x 973, 974 (11th Cir. 2014) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

The *Rooker-Feldman* doctrine forecloses Ebeh's efforts to use this action as a mechanism to overturn a state court's order resolving a domestic relations action where the parties had a reasonable opportunity to raise objections in that forum. *See Lawton*, 559 F. App'x at 974 (upholding dismissal for lack of subject matter jurisdiction under *Rooker-Feldman* where claims "attacked the validity of the child-support proceedings already litigated in state court and the judgments that resulted from those proceedings"); *Gogola v. Zingale*, 141 F. App'x 839, 842 (11th Cir. 2005) (affirming dismissal of complaint as barred by *Rooker-Feldman* because the plaintiff's challenge to the constitutionality of state's alimony laws was an attempt to reverse state court orders requiring such payments); *Mugarra v. General Attorney Office*, No. 8:11-CV-1349-T-27MAP, 2011 WL 3629169, at *2 (M.D. Fla. Aug. 1, 2011), report and recommendation adopted, No. 8:11-CV-1349-T-27MAP, 2011 WL 3648637 (M.D. Fla. Aug. 18, 2011) (dismissing action part on *Rooker-Feldman* where the plaintiff sought review of child support hearing officer's denial of child support adjustment).

For these reasons, Ebeh's motion for reconsideration (Doc. 11) is **DENIED**.

**ORDERED** in Tampa, Florida on October 3, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:

Hope Ebeh
11916 Southern Palms Ct
Thonotosassa, Fl 33592